[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2005
THOMAS K. KAHN
CLERK

No. 04-12024
Non-Argument Calendar
_____

Agency No. A78-597-805

ROMAN GENNADYEVICH PETROV,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 16, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Roman G. Petrov, proceeding pro se, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal and denial of his asylum, withholding of removal, and the United Nations Convention Against Torture ("CAT") claims. Petitioner's removal proceedings commenced after April 1, 1997, and therefore the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) apply.

On appeal, Petrov claims that he qualified for asylum, withholding of removal and CAT relief. He argues that the IJ's adverse credibility finding was erroneous because the IJ essentially took administrative notice when he decided that without the existence of corroborating documents, Petrov could have not been attacked by the Russian nationalists for religious reasons. Petrov claims that his testimony was not only detailed, internally consistent, and corroborated with abundant evidence, but also plausible in light of the 2001 Country Report and Religious Freedom Report. Petrov also claims that he was entitled to relief under CAT because the Russian government ignores the persecution of religious groups by the neo-Nazis.

The BIA's factual determinations are reviewed under the substantial evidence test, and this Court "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (citation

omitted). Here, the BIA both adopted the IJ's reasoning and made its own observations, so this Court should review the BIA's order and the IJ's order, to the extent the BIA adopted the IJ's reasoning. Id. at 1284.

Credibility determinations likewise are reviewed under the substantial-evidence test. D-Muhumed v. United States Attorney General, 388 F.3d 814, 817-18 (11th Cir. 2004). The trier of fact must determine credibility, and this Court may not substitute its judgment for that of the BIA with respect to credibility findings. Id. "An immigration judge alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence." Sarvia-Quintanilla v. U.S. INS, 767 F.2d 1387, 1395 (9th Cir. 1985) (persuasive authority); accord Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003) (same).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of **persecution or a**

3

**well-founded fear of persecution on account of** race, **religion**, nationality, **membership in a particular social group**, or political opinion . . ..

8 U.S.C. § 101(a)(42)(A) (emphasis added). The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of his religion (or other statutorily listed factor), or (2) a "well-founded fear" that his religion (or other statutorily listed factor) will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. A "well-founded fear" of future persecution may be established by showing (1) past persecution that creates a presumption of a well-founded fear and overcomes any rebuttal by the INS, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(1), (2). The "well-founded fear" inquiry has both a subjective and objective component – that is, the applicant must show that his fear of persecution is subjectively genuine and objectively reasonable. Al Najjar, 257 F.3d at 1289. The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution. Id. This Court noted that "in most cases, the objective prong can be fulfilled either by establishing past

4

persecution or that he or she has a 'good reason to fear future persecution.'" Id.

An alien's uncorroborated but credible testimony alone may be sufficient to sustain the burden of proof for asylum or withholding of removal. D-Muhumed, 388 F.3d at 819. However, the weaker the applicant's testimony, the more compelling is the need for corroborative documentary or other testimonial evidence. Matter of Y-D-, 21 I&N Dec. 1136, 1138 (BIA 1998). "'[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application.'" Forgue v. Attorney General, 401 F.3d 1282 (11th Cir. 2005) (quoting Sidhu v. INS, 220 F.3d 1085, 1090 (9th Cir. 2000)). An adverse credibility finding must go to the heart of the asylum claim, and not be based on minor discrepancies, inconsistencies, and omissions. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (persuasive authority); see also Pop v. INS, 270 F.3d 527, 531 (7th Cir. 2001) (same); Chen v. INS, 266 F.3d 1094, 1098 (9th Cir. 2001) (same), vacated on other grounds by 537 U.S. 1016 (2002). An adverse credibility finding, supported by substantial evidence, may be sufficient to a petition for review. D-Muhumed, 388 F.3d at 819. The IJ must offer specific, cogent reasons for an adverse credibility finding. Id.

An alien seeking withholding of removal under the INA must show that his life or freedom would "more likely than not" be threatened upon return to his

5

country because of, among other things, his religion. <u>Mendoza v. United States Attorney Gen.</u>, 327 F.3d 1283, 1287 (11th Cir. 2003). The burden of proof under CAT is higher than the burden imposed on an asylum applicant. <u>See</u> <u>Al Najjar</u>, 257 F.3d at 1303-03.

While it is true that the majority of the inconsistencies the IJ identified in Petrov's testimony and the asylum application were minor or were not actually inconsistencies, the IJ's adverse credibility finding is supported by substantial evidence because two were true inconsistencies and they were related to his claims that Captain Melnichenko used neo-Nazis to persecute him based on his religion, which is the heart of his claim. First, Petrov claimed that he was attacked and beaten by five persons, allegedly hired by Federal Security Service (FSB) Captain Melnichenko, on March 3, 1994. They called him a "traitor" and a "dirty person of a different faith." The attack occurred a day after Petrov refused to report to Melnichenko about the foreign students at his school because, he testified, he was influenced by his mother's religion, Jehovah's Witnesses, not to get involved with the government. However, this attack probably was not motivated by Petrov's faith because he did not engage in any Jehovah's Witness activity until September 1994, and Melnichenko did not know this was the reason that Petrov refused to become a snitch. Second, even though in his asylum application Petrov claimed that the FSB often used the neo-Nazis to watch the "opposition people and simply

6

beat them up," there was no evidence in the record supporting his assertion. Even though Petrov stated that during the threatening phone calls that started after he refused to cooperate with Melnichenko the neo-Nazis referred to a "respected person," this evidence does not compel us to reject the IJ's finding that there was no connection between Melnichenko and the threatening phone calls, the vandalism of his mailbox and door, and the assault on his father by the neo-Nazis.

Additionally, even if Petrov's testimony were credible, his asylum claim fails because his fear of persecution was not objectively reasonable because the government carried its burden of proof by showing that he could escape the persecution by relocating within Russia. Finally, Petrov's withholding of removal and CAT claims also fail because he was unable to meet the burden of proof required for asylum, which is a lower burden than that required for withholding of removal and relief under the CAT.

Upon review of the record, and having considered the brief of the parties, we discern no reversible error. For all the foregoing reasons, substantial evidence supports the BIA's decision, and we deny the petition for review.

**PETITION DENIED.**